IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TERRIE BUCKNER,                    *

     Plaintiff,                *

vs.                                *          CASE NO. 3:06-CV-79 (CDL)

                                   *

KAREN SHETTERLEY,
                                   *
     Defendant.
                                   *
_____

O R D E R

On October 9, 2008, a jury awarded Plaintiff Terrie Buckner approximately $1.3 million in damages against Defendant Karen Shetterley in her individual capacity in an action for false arrest and malicious prosecution based on 42 U.S.C. § 1983. Presently pending before the Court is Defendant Shetterley's Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial (Doc. 82). For the following reasons, the Court denies Defendant's motion.

DISCUSSION

Defendant argues that Plaintiff failed to produce sufficient evidence at trial to defeat Defendant's entitlement to qualified immunity and that it was not "clearly established" that her conduct violated Plaintiff's federally protected rights.[1] Although the Court

---

[1]Defendant also objected to the Court's verdict form in her brief in support of her motion for judgment as a matter of law, but she withdrew her objection in her reply. (Def.'s Reply to Pl.'s Resp. to Def.'s Renewed Mot. for J. as a Matter of Law or in the Alternative Mot. for New

rejected precisely these arguments in its oral ruling on the motion for judgment of a matter of law Defendant made at trial, it will reiterate its reasoning again here.

"Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008).   While a defendant's entitlement to qualified immunity is a question of law for the court, a court's decision may depend in part upon factual issues that must be resolved by a jury. *See, e.g., Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 922-23, 925 (11th Cir. 2000).   "When, as here, the affirmative defense of qualified immunity has been properly pled and preserved by a Fed. R. Civ. P. 50 motion, a defendant is entitled to renew a motion for judgment as a matter of law on the basis of qualified immunity." *Id.* at 925.   Any disputed factual issues regarding Defendant's entitlement to qualified immunity are viewed in the light most favorable to Plaintiff.  *See id.* at 926 n.3.

Given this standard, the Court finds that Plaintiff presented substantial evidence at trial to support each element of her malicious prosecution claim.   The requisite elements of the common law tort of malicious prosecution under Georgia and federal law are "(1) a criminal prosecution instituted or continued by the present

Trial 11.)

2

defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003); *accord Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008). "[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Wood*, 323 F.3d at 882; *accord Kjellsen*, 517 F.3d at 1237.

As the Court explained to the parties in its oral order denying Defendant's motion for judgment as a matter of law, certain elements of Plaintiff's cause of action were not disputed and were thus found as a matter of law by the Court. The Court found that (1) at the time Defendant was involved in the criminal investigation of Plaintiff, she was acting under color of state law and engaged in a discretionary function in her capacity as an employee of the State of Georgia; (2) when Plaintiff was arrested and held in jail, she was seized for purposes of the Fourth Amendment; and (3) the underlying criminal prosecution terminated in Plaintiff's favor. The jury then found that (1) Plaintiff would not have been arrested had it not been for Defendant's involvement in the investigation, i.e., that Defendant instigated or continued Plaintiff's prosecution; (2) Defendant lacked probable cause to believe Plaintiff had engaged in

any criminal activity;[2] and (3) Plaintiff was damaged as a proximate result of Plaintiff's arrest and prosecution.  (*See* Ex. C to Pl.'s Resp. to Def.'s Renewed Mot. for J. as a Matter of Law or in the Alternative Mot. for New Trial at 7, Jury Charge, Oct. 9, 2008.)  The Court's instructions to the jury, a copy of which was retained by the jury during its deliberations, clearly identified the set of facts which had to be proven in order for the jury to reach these factual conclusions.  (*See generally id*.)  After viewing any disputed factual issues in the light most favorable to Plaintiff, the Court finds that the evidence adduced at trial was sufficient to permit the jury to find in Plaintiff's favor as to each element of her cause of action.

Defendant also contends that she is entitled to qualified immunity because at the time of the events giving rise to this litigation, it was not clearly established that her actions violated Plaintiff's federally protected rights.  The Court also rejects this argument.  For purposes of qualified immunity, the Eleventh Circuit has identified three sources of "clearly established" law.  In some cases, "the words of the pertinent federal statute or federal constitutional provision . . . will be specific enough to establish clearly the law applicable to the particular conduct and

---

[2]Under Georgia law, which informs the Court's analysis of the elements of the common law tort of malicious prosecution, malice may be inferred from a lack of probable cause. *See, e.g., Peterson v. Crawford*, 268 F. App'x 879, 882 (11th Cir. 2008) (per curiam) (noting that when there is no probable cause for an arrest, a jury may infer malice).  The jury also found that Defendant's conduct in this case warranted the imposition of punitive damages.

circumstances and to overcome qualified immunity, even in the *total absence of case law*." *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002). In other instances, case law provides "some broad statements of principle [that] are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts." *Id.* at 1351. When a broad principle of case law is used to clearly establish an area of law, however, "it must do so 'with obvious clarity' to the point that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." *Id.* Finally, if the Court has "no case law with a broad holding . . . that is not tied to particularized facts, we then look at precedent *that is tied to the facts*." *Id.*

The Court finds that Eleventh Circuit precedent establishes, with obvious clarity, that a government official is prohibited from intentionally providing false information to law enforcement without probable cause and thereby directly causing a Fourth Amendment violation. The "federal right to be free from prosecutions procured by false and misleading information" is well-established in the Eleventh Circuit. *Kelly v. Curtis*, 21 F.3d 1544, 1549 (11th Cir. 1994) (internal quotation marks omitted); *see also Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) (finding that "falsifying facts to establish probable cause is patently unconstitutional"); *Whiting v. Traylor*, 85 F.3d 581, 585 n.5 (11th

5

Cir. 1996) ("Knowingly making false statements to obtain an arrest warrant can lead to a Fourth Amendment violation."). Moreover, a government official who neither arrests a plaintiff nor procures the arrest warrant but who instigates or causes an unlawful arrest may be held liable under the Fourth Amendment. *Cf. Rodriguez v. Ritchey*, 539 F.2d 394, 400 (5th Cir. 1976) (finding that investigative agents who did not participate in the actual arrest could be held liable for Fourth Amendment violations and noting that "general principles of tort law provide a cause of action for unlawful arrest against a defendant who affirmatively instigated, encouraged, incited, or caused the unlawful arrest" (internal quotation marks omitted)).[3]

---

[3]The Court also notes that Georgia malicious prosecution law is intertwined with the analysis of Plaintiff's § 1983 malicious prosecution claim. *See, e.g., Wood*, 323 F.3d at 881 ("As to the constituent elements of the common law tort of malicious prosecution, this Court has looked to both federal and state law and determined how those elements have historically developed."). Georgia law notes a distinction "between actually instigating or procuring the institution of criminal proceedings and merely laying information before a law enforcement official without in any way attempting to influence his judgment." *Ginn v. Citizens & S. Nat'l Bank*, 145 Ga. App. 175, 178, 243 S.E.2d 528, 531 (1978) (internal quotation marks omitted). When a person intentionally provides false information to law enforcement, however, "it is clear that he attempt[s] to influence the officer's judgment and he is, therefore, responsible for such subsequent action as may be taken." *Id.* (internal quotation marks omitted). In Georgia, therefore, it is beyond reasonable dispute that a person who provides false, misleading, or materially incomplete information to law enforcement can be held liable for instigating a malicious prosecution. *See id.; Barnette v. Coastal Hematology & Oncology, P.C.*, No. A08A1305, 2008 WL 4939109, at *5 (Ga. Ct. App. Nov. 20, 2008) (finding that a defendant-employee may be held liable for malicious prosecution for making knowingly false statements to the police in an effort to influence the officer's decision to arrest the plaintiffs); *Melton v. LaCalamito*, 158 Ga. App. 820, 823, 282 S.E.2d 393, 397 (1981) (affirming trial court's denial of motion for directed verdict because a jury could have concluded that a reasonable person in defendant-employee's place could not have insisted that the allegedly stolen property belonged to defendant's employer rather than plaintiff and that

Defendant seeks to distinguish these cases by pointing to the fact that Defendant is not a law enforcement official.  The Eleventh Circuit has reiterated, however, that "[w]hile officials must have fair warning that their acts are unconstitutional, there need not be a case 'on all fours,' with materially identical facts, before we will allow suits against them."  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1277 (11th Cir. 2004).  Instead, "[a] principle of constitutional law can be 'clearly established' even if there are 'notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct at issue violated constitutional rights."  *Id.* (quoting *United States v. Lanier*, 520 U.S. 259, 269 (1997)); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (holding that "officials can still be on notice that their conduct violates established law even in novel factual circumstances" and that "[a]lthough earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding").

The "salient question" thus becomes whether the state of the law at the time of the events giving rise to this litigation gave Defendant "fair warning" that her actions violated Plaintiff's federally protected rights.  *Hope*, 536 U.S. at 741.  The jury in this

such insistence led to plaintiff's arrest).

7

case found that Defendant intentionally provided false information to the police without probable cause, and as a direct result, Plaintiff suffered a violation of her Fourth Amendment rights.   Under these circumstances, the Court finds that existing case law provided Defendant with ample warning that her conduct would violate Plaintiff's constitutional rights.

Defendant also suggests that the Court's ruling on qualified immunity would "place[] a burden upon Defendant, and every other state employee, to understand criminal law, evaluate the exculpatory value of evidence, and affirmatively seek out law enforcement in order to provide information that might be exculpatory."[4]   (Def.'s Reply to Pl.'s Resp. to Def.'s Renewed Mot. for J. as a Matter of Law or in the Alternative Mot. for New Trial 5.)   The Court rejects Defendant's contention; indeed, such a ruling would appear to contravene Eleventh Circuit precedent. *Cf., e.g., Kelly*, 21 F.3d at 1551 (observing that a police officer does not have "an affirmative obligation to seek out exculpatory information of which the officer

---

[4]Defendant relies on the Eleventh Circuit's recent decision in Kjellsen for the proposition that there is no duty for state actor witnesses in a criminal investigation to provide law enforcement with exculpatory evidence.  In Kjellsen, the plaintiff, who had been charged with DUI, contended that employees of the state Bureau of Investigation should have released results of retesting of his blood samples which showed a lower blood alcohol content than earlier testing.  Kjellsen, 517 F.3d at 1238.  The Eleventh Circuit did not speak directly to the issue of the state employees' liability for malicious prosecution; rather, the court held that the plaintiff could not state a claim for malicious prosecution because "probable cause existed at the time the . . . charge was initiated against [the plaintiff], and the later retest results did not negate that probable cause."  Id. at 1238.

is *not* aware"). Rather, the Court's ruling simply prevents a state employee from escaping § 1983 liability when the employee causes a constitutional violation by intentionally providing false information to police without probable cause. The jury found that Defendant Shetterley engaged in such conduct; thus, she is not entitled to qualified immunity.

CONCLUSION

For the foregoing reasons, the Court again denies Defendant's Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial (Doc. 82).


IT IS SO ORDERED, this 15th day of December, 2008.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE